VINSON, J.,
concurring dubitante.
I write separately because, while I agree with the result, this case is much closer than the majority opinion would suggest.
*841 For its decision, the majority relies heavily on Oliver v. Coca Cola Co., 497 F.3d 1181, 1195 (11th Cir.2007), reh’g granted and partially vacated on other grounds, 506 F.3d 1316 (11th Cir.2007). In that case, another panel of this court held that a plan administrator acted arbitrarily and capriciously in denying disability benefits based on an alleged lack of objective evidence to corroborate the claimant’s subjective complaints of pain. The case, however, is distinguishable from this case in one very important respect: unlike the plan here, the plan in Oliver did not require objective medical evidence. Rather, the recipient was only required to submit (1) a written application and (2) a medical certification of disability. Id. at 1196 (describing the two plan requirements and noting that “[no] provision of the Plan requires ‘objective evidence’ of disability”). In other words, “Oliver was entitled to disability payments so long as he submitted a written application and provided medical certification that he was ‘disabled’ within the meaning of the Plan.” Id. Oliver did that, and the administrator acted arbitrarily and capriciously by adding an “objective evidence” requirement to the plan that did not otherwise exist. See id. at 1196-97 (“[W]e conclude that it was arbitrary and capricious to require [objec-five] evidence in the context of this Plan ... ”) (emphasis added). However, Oliver went on to note that “in some contexts it may not be arbitrary and capricious to require clinical evidence of the etiology of allegedly disabling symptoms in order to verify that there is no malingering.” See id. at 1197. Because the plan at issue here expressly required objective evidence, this case is quite different from Oliver and presents such a “context.”[1]
My concern with the majority opinion is not only that it relies heavily on a case that is factually dissimilar in an important respect, but also that it goes further than is necessary to decide this case. It also appears to regard most of the medical evidence related to the attending physicians in this ease as “objective” when, in fact, much of it is subjective. Whether and the extent to which Lee was in pain, and her stated difficulties working, walking, sitting, and breathing, are all Lee’s own subjective evaluations of her condition, and are just reiterated by the doctor. For example, Dr. Goyne’s own evaluation of these symptoms is, in fact, prefaced with “It is my understanding.” The opinion also seems to imply that subjective evidence alone is sufficient to support a disability determination for a condition identified as chronic pain syndrome, which *842 is contrary to my own interpretation of Eleventh Circuit law.
Importantly, however, there is a considerable amount of objective evidence in the record (e.g., Lee’s muscle spasms, positive diagnostic tests, Dr. Wayne Grossman’s observation and conclusion that she was perhaps understating her complaints, and most probative, the MRIs and CAT Scan that revealed the disc herniations and protrusions which ultimately led to her spinal surgery in May 2005). While, as the ARC observed, there was a noticeable absence of some of the medical tests one would expect to have been conducted for this type of condition, and perhaps some inconsistency between the physical evidence and the degree of the severity of Lee’s indicated pain, the totality of the objective evidence does establish a condition which entitled Lee to SD Plan benefits under the Plan. Consequently, Lee’s identified medical condition does have what I consider to be sufficient objective evidentiary support in the record, and I agree that reversal and remand is appropriate.

. Disability cases now frequently involve one of these two relative newcomers to the lexicon of etiology, “fibromyalgia” and "chronic pain syndrome”. I do not believe that this circuit's case law supports a different standard of evaluation for them, however, nor are they in any way "universally recognized” as severe disabling conditions. It is true, as the majority notes, that the Oliver court recognized that a condition such as chronic pain syndrome is "inherently 'subjective' [and] cannot be quan-tifiably measured.” Thus, it may not be "subject to diagnosis by 'objective' laboratory tests.” See 497 F.3d at 1196-97. But, as quoted in the text above, the court did not hold that objective evidence is never required to prove chronic pain syndrome, nor did it create a broad rule requiring administrators to credit, in such a case, a claimant’s subjective complaints of pain. The court only found that in the context of the claimant's diagnosis and medical records, and under the terms of the plan at issue, the administrator’s decision to deny benefits based on lack of "objective medical evidence” was arbitrary and capricious. This conclusion was also justified because there was objective evidence in Oliver, but the plan administrator "mischaracter-iz[ed]", "ignored,” "did not acknowledge,” “failed to mention,” and "disregard[ed]” the medical evidence merely "in order to arrive at the conclusion it desired.” See id. at 1197— 99.